1

2

3             IN THE UNITED STATES DISTRICT COURT

4                    DISTRICT OF ARIZONA

5

6    UNITED STATES OF AMERICA,       )
                                     )    CR 08-271-TUC-CKJ
7              Plaintiff,            )
                                     )
     vs.                             )
8                                    )    March 5, 2008
     ABIMAEL ROBLERO-SOLIS,          )    Tucson, Arizona
9                                    )
               Defendant.            )
10

11          INITIAL APPEARANCE,  PLEA and SENTENCING

12          BEFORE:  HONORABLE JENNIFER GUERIN
                UNITED STATES MAGISTRATE JUDGE
13                    405 W. CONGRESS
                  TUCSON, ARIZONA 85701
14

15              A P P E A R A N C E S

16      FOR THE GOVERNMENT:  MS. MOLLY FRAZER, ASSISTANT
     UNITED STATES ATTORNEY.
17
        FOR THE DEFENDANT:  MR. JASON HANNAN, ASSISTANT
18   FEDERAL PUBLIC DEFENDER.

19      THE INTERPRETER:  MR. JUAN RADILLO.

20

21          PROCEEDINGS WERE DIGITALLY RECORDED

22

23          TRANSCRIBED BY:  Dianne Davenport
                  405 W. Congress, Suite 1500
24                  Tucson, Arizona 85701
                      (520)205-4266
25

2

1          P R O C E E D I N G S

2          (Call to order of court.)

3          THE CLERK:  Please stand and answer "present" when

4  your name is called.

5          (Various cases called.)

6          THE CLERK:  08-11418M-P.

7          THE INTERPRETER:  Ibimael Roblero-Solis.

8          DEFENDANT ROBLERO:  "Presente."

9          (Various cases called.)

10          THE CLERK:  All before the court for an initial

11  appearance, a plea and sentence.

12          Counsel, please state your appearance for the record.

13          MS. FRAZER:  Good afternoon, Your Honor.  Molly Frazer

14  for the United States.

15          THE COURT:  Good afternoon.

16          (Various appearances announced.)

17          MR. HANNAN:  Good afternoon, Your Honor.  Jason

18  Hannan for Ibimael Roblero-Solis, Gumerindo Martinez-Carrizosa,

19  Janet Roblero-Perez, Jose Vasquez-Morales, Irineo Roque-Trapaga and

20  Delfino Gomez-Hurtado.  They are all present and in custody.

21          THE COURT:  Good afternoon.

22          (Various appearances announced.)

23          THE COURT:  Counsel, do all your clients wish to plead

24  guilty this afternoon?

25          COUNSEL:  General "yes" answers.

1    THE COURT:  Is there any objection to conducting these
2    proceedings as a group?
3    COUNSEL:  General "no" answers.
4    THE COURT:  Mr. Hannan.
5    MR. HANNAN:  Your Honor, I do have an objection to my
6    clients being advised of the waivers, the factual basis and sentencing
7    en masse as to my clients.
8    THE COURT:  As to each of your clients?
9    MR. HANNAN:  That's correct, Your Honor.
10   THE COURT:  I will ask that your clients be removed from
11   the courtroom at this time and we will do those hearings separately.
12   MR. HANNAN:  Thank you.
13   (Proceedings not related to defendant Roblero-Solis not
14   transcribed.)
15   THE COURT:  Mr. Hannan, your objection is to which
16   parts?
17   MR. HANNAN:  Your Honor, I would ask that the court
18   determine that each of them has understood the rights, the factual
19   basis, has inquired of them individually, and each of them has an
20   opportunity to speak, to be addressed by the court personally and to
21   allocute to the court with defense counsel.
22   THE COURT:  So you have no objection to the group
23   advisement is what I understand?
24   MR. HANNAN:  Correct, as long as the court would
25   inquire as to each individually if they understood their rights and the

1    waiver (unintelligible).

2              THE COURT:  Thank you.

3              Good afternoon.  I understand that each of you wishes to

4    plead guilty this afternoon.

5              THE INTERPRETER:  General "yes" responses.

6              THE COURT:  I'm going to be advising you and informing

7    you of your rights.  If at any time you don't understand what I'm saying

8    or if you cannot hear me or hear the interpreter, I ask that you stand

9    and that will give us the opportunity to make sure that hearing

10   apparatus is working correctly and also to clarify any questions that you

11   might have.

12             If I direct a question to you as a group, then I ask that

13   each one of you answers that question out loud loudly so that I can see

14   and hear your response.  If I cannot hear a response, then I will not be

15   able to accept your guilty plea.

16             Does everyone understand these directions?

17             THE INTERPRETER:  General "yes" response.

18             THE COURT:  If you don't understand the directions,

19   please stand.

20             Sir.

21             UNIDENTIFIED SPEAKER:  That's okay.

22             THE COURT:  Because you have been charged with

23   violating the laws of the United States, you have certain rights.

24             You do have the right to remain silent and to say nothing

25   about the charges against you.  Anything you may choose to say about

1    the charges could be used against you at a later time.

2              You also have the right to be represented by an attorney.

3    And if you cannot afford an attorney to represent you, then the court

4    would appoint an attorney to represent you.

5              In each of your cases an attorney has been appointed,

6    and I understand that you've had the opportunity to meet with your

7    attorney this morning to discuss those charges.

8              If anyone does not know the charges against them,

9    please stand.

10             For the record, no one is standing.

11             If you are not 18 years of age or older, please stand.

12             No one is standing.

13             I've been advised of some name corrections, that the

14   charging document didn't have a name correct on that document.

15             (Proceedings not related to defendant Roblero-Solis was

16   not transcribed.)

17             THE COURT:  Is there anyone else whose name was

18   incorrect or incomplete on the charging document?  If so, please stand.

19             For the record, no one is standing.

20             (Proceedings not related to defendant Roblero-Solis not

21   transcribed.)

22             THE COURT:  If you plead guilty here this afternoon, this

23   conviction will become part of your criminal record.  If you were to

24   commit another crime in the United States, do you understand that this

25   conviction could be used against you to increase the sentence that you

1   would receive for a future crime?

2                    THE INTERPRETER:  General "yes" response.

3                    THE COURT:  Do you understand that after you plead

4   guilty that you will be sentenced and after your sentence is served you

5   will be returned to your country of origin?

6                    THE INTERPRETER:  General "yes" response.

7                    THE COURT:  Do you understand you will be deported?

8                    THE INTERPRETER:  General "yes" response.

9                    THE COURT:  I understand that each of you is pleading

10  guilty to the offense of illegal entry.  The maximum penalty for that

11  offense is a term of imprisonment of up to six months, a fine of up to

12  $5,000, or both the fine and the term of imprisonment, plus a

13  mandatory special assessment fee of $10.

14                    Does everyone understand the maximum penalty for the

15  offense?

16                    THE INTERPRETER:  General "yes" response.

17                    THE COURT:  If anyone has any questions about what I

18  have advised of so far, please stand at this time.

19                    I note that no one is standing.

20                    Rather than pleading guilty, you do have the right to

21  have a trial.  At that trial you would be presumed innocent.  The

22  government would have the burden of proving your guilt beyond a

23  reasonable doubt.

24                    Your attorney would represent you at that trial.  Each of

25  you would have the right to have your own separate trial.

1    At a trial the government would be required to bring its

2    witnesses to court to testify against you under oath and in your

3    presence and your attorney could cross-examine those witnesses.

4    After the government presented its case, you would have

5    the right to present your own case and to call your own witnesses and

6    you could use the subpoena power of the court to compel witnesses to

7    attend the trial.

8    You could testify at that trial or you could exercise your

9    right to remain silent.  If you chose to remain silent, then the fact of

10    your silence would not be held against you.

11    Your trial would be before a judge.

12    Do you understand your right to have a trial and what

13    would be involved in that trial?

14    THE INTERPRETER:  General "yes" response.

15    THE COURT:  If you do not understand your right to have

16    a trial, please stand.

17    No one is standing.

18    Do you understand that if you plead guilty here this

19    afternoon that there will be no trial?

20    THE INTERPRETER:  General "yes" response.

21    THE COURT:  I'm not hearing everybody respond to the

22    question.  Let me ask again to make sure that everyone does

23    understand that.

24    Do you understand that if you were to plead guilty here

25    this afternoon that there will be no trial?

1              THE INTERPRETER:  General "yes" response.

2              THE COURT:  Has anyone forced you or threatened you

3    to plead guilty?

4              THE INTERPRETER:  General "no" response.

5              THE COURT:  Are you pleading guilty voluntarily and

6    because you are guilty?

7              THE INTERPRETER:  General "yes" response.

8              THE COURT:  I'm going to ask those of you that have

9    entered into a written plea agreement with the government to stand at

10   this time.

11             Each of you that has signed a written plea agreement,

12   please stand.

13             (Proceedings not related to defendant Roblero-Solis not

14   transcribed.)

15             THE COURT:  I want to make sure you understand the

16   plea agreement.

17             Each of you in that plea agreement is agreeing to plead

18   guilty to the change of illegal entry.  In exchange the government is

19   dismissing a more serious charge against you that is a felony charge.

20             Do you each understand that?

21             THE INTERPRETER:  All "yes."

22             THE COURT:  I'm addressing these questions only to

23   those persons who have entered into a written plea agreement with the

24   government.

25             In your plea agreement, you have agreed that the court

1    can impose a specific term of imprisonment and that the court can

2    impose that sentence today.

3                    Do you understand that?

4                    THE INTERPRETER:  General "yes" response.

5                    THE COURT:  You are also agreeing to give up your right

6    to appeal or to challenge in any manner your conviction and the

7    sentence that is imposed so long as the sentence imposed is the one

8    that you agreed to.

9                    Do you each understand that?

10                   THE INTERPRETER:  General "yes" response.

11                   THE COURT:  Have each of you talked about the

12   agreement with your attorney?

13                   THE INTERPRETER:  General "yes" response.

14                   THE COURT:  Do you understand the agreement?

15                   THE INTERPRETER:  General "yes" response.

16                   THE COURT:  Do you agree to be bound by the

17   agreement?

18                   THE INTERPRETER:  General "yes" response.

19                   THE COURT:  Did you sign the agreement?

20                   THE INTERPRETER:  General "yes" response.

21                   THE COURT:  Does anyone have any questions about the

22   agreement?

23                   THE INTERPRETER:  General "no" response.

24                   THE COURT:  If you have any questions about the

25   agreement, now is your time to ask those questions.  Does anyone

1     have a question?  If so, speak up.

2                THE INTERPRETER:  General "no" response.

3                THE COURT:  Those of you who remained seated, you do

4     not have any agreement.

5                The court can impose any sentence up to the maximum

6     sentence that I advised you of earlier.  That is a sentence of six months

7     of imprisonment.

8                Does everyone understand that who is seated?

9                THE INTERPRETER:  General "yes" response.

10                THE COURT:  Please be seated.  Thank you.

11                Counsel, do you believe that your clients are competent

12     to plead guilty and that they are doing so voluntarily?

13                COUNSEL:  General "yes" answers.

14                THE COURT:  Defendants, each of you is pleading guilty

15     to the charge of illegal entry.  That charge means generally that you

16     are an alien to the country, that you illegally entered or attempted to

17     enter the country within the District of Arizona, and that you did not

18     have official permission to be present or to remain in the United States.

19                Do each of you understand the charge of illegal entry?

20                THE INTERPRETER:  General "yes" response.

21                THE COURT:  If you do not understand the charge, please

22     stand.

23                (Proceedings not related to defendant Roblero-Solis not

24     transcribed.)

25                THE COURT:  Mr. Ibimael Roblero, how do you plead to

1    the charge of illegal entry?

2              DEFENDANT ROBLERO-SOLIS:  Guilty.

3              (Proceedings not related to defendant Roblero-Solis not

4    transcribed.)

5              THE COURT:  I'm going to call the names of those

6    defendants seated in the back rows.  I'm going to ask that you stand so

7    I can see you when I ask you how do you plead to the charge.

8              (Proceedings not related to defendant Roblero-Solis not

9    transcribed.)

10             THE COURT:  Directing my questions to all of you.

11             Are you a citizen or national of the United States?

12             THE INTERPRETER:  General "no" response.

13             THE COURT:  Does anyone claim a legal right to be in the

14   United States?  If so, please stand.

15             THE INTERPRETER:  General "no" response.

16             THE COURT:  I note that nobody is standing.

17             Did you enter the United States into southern Arizona at

18   a place which was not a designated port of entry?

19             THE INTERPRETER:  General "yes" response.

20             THE COURT:  Did you have in your possession valid

21   immigration documents that would allow you to enter and remain in the

22   United States lawfully?

23             THE INTERPRETER:  General "no" response.

24             THE COURT:  If you had permission from the United

25   States government official to enter or remain in the United States

1    lawfully, please stand.

2                      I note that no one is standing.

3                      Mr. Hannan, noting your objection, or putting aside your

4    objection for a moment, counsel, are you satisfied with the factual

5    basis for the pleas with the exception of Mr. Hannan's clients?

6                      COUNSEL:  General "yes" answers.

7                      THE COURT:  Is the government satisfied with the factual

8    basis for Mr. Hannan's clients?

9                      MS. FRAZER:  Yes.

10                     THE COURT:  Is there any legal reason why the court

11   should not accept the pleas?

12                     COUNSEL:  General "no" answers.

13                     THE COURT:  The court will accept the pleas of guilty and

14   find that these defendants are guilty of the offenses as pled.  There's a

15   factual basis for the pleas and that the pleas are entered into

16   knowingly, intelligently and voluntarily.

17                     We will now proceed to sentencing.

18                     Counsel, for those of your clients who have not entered

19   into a plea agreement, are you willing to waive and are your clients

20   willing to waive the 60 days necessary to prepare a presentence report

21   so that sentencing can occur at this time?

22                     COUNSEL:  General "yes" answers.

23                     THE COURT:  When I call your name, please come

24   forward and line up in front of the podium with your counsel for

25   sentencing.

1    (Proceedings not related to defendant Roblero-Solis not

2  transcribed.)

3    THE COURT:  When I call your name, please come

4  forward with your counsel for sentencing.

5    (Various names called.)

6    THE COURT:  Mr. Ibimael Roblero.

7    (Various names called.)

8    THE COURT:  The court has reviewed each of these

9  defendants' paperwork.  It appears that each of these defendants has

10  no record of any criminal conviction and little, if any, contacts with

11  immigration.  Based on that the court is prepared to enter a sentence

12  of time served.

13    Does the government wish to be heard?

14    MS. FRAZER:  No, Your Honor.

15    THE COURT:  Any defense counsel wish to be heard?

16    COUNSEL:  General "no" answers.

17    THE COURT:  Before the court imposes sentence, is there

18  any defendant that wishes to be heard?  This is your opportunity to

19  speak if you wish to do so.

20    (Proceedings not related to defendant Roblero-Solis not

21  transcribed.)

22    THE COURT:  The court is going to impose a sentence in

23  each of these cases of time served.

24    As many of you have noted, in the past it might have

25  been common to come to the United States for work but there's an

1    effort to stop that illegal activity.

2              As you can see, there are instances now where that

3    illegal crossing will be prosecuted.  And one thing you need to be very

4    clear of, and I think your attorneys have told you, if you were to return

5    to the United States without getting the proper authorization, then you

6    could be prosecuted for this offense again.  The sentence that you

7    would receive would be a higher sentence.  You would face harsher

8    consequences.

9              If there is nothing further, please go with the marshals.

10             Mr. Hannan, we can have your clients remain.  I will ask

11   that, Mr. Roblero, if you will remain.  And also Mr. Martinez-Carrizosa.

12             MR. HANNAN:  Your Honor, I would just point out that the

13   judgment and conviction and sentence has already been made.  I'm not

14   sure there is anything further.

15             THE COURT:  I want to make sure we have resolved all of

16   your concerns.  If you want to have additional information on the

17   record, we can do that and have your clients remain to do that.

18             MR. HANNAN:  Okay.  I guess my objection, though, if I

19   could just clarify it to the court, was that the factual basis, the waiver

20   of their rights would be addressed individually.  They have already pled

21   guilty and sentenced.  So I guess I'm not sure what there is to

22   address.

23             THE COURT:  I think there is two ways it can be handled.

24   You can withdraw any concerns you have about it or we can make sure

25   that all of your concerns have been addressed and your defendants can

1    remain in the courtroom and we will address those issues at this time

2    to ensure there has been a factual basis that is satisfactory to you and

3    that they have had every right to allocution that you think that they

4    might have been deprived off in this process.

5                              I will leave that election to you.

6                              MR. HANNAN:  I guess I will have them remain in the

7    courtroom.  Thank you.

8                              THE COURT:  So let's have Mr. Roblero, and that would

9    be Mr. Ibimael Roblero, because there are two Mr. Robleros.

10                             (Proceedings not related to defendant Roblero-Solis not

11   transcribed.)

12                             THE COURT:  Ms. Janet Roblero-Perez, if you would come

13   forward with counsel.

14                             (Various names called.)

15                             THE COURT:  In reviewing the paperwork associated with

16   each one of these defendants, again the court notes there is no record

17   of any criminal conviction and there are minimal, if any, contacts with

18   immigration which suggests to the court that these persons were

19   coming to the United States for economic reasons.

20   Although that is still a criminal offense, it's certainly a lesser offense

21   than someone who is coming to the United States committing crimes or

22   who has committed crimes and has been removed.

23                             Based on that the court is prepared to enter an order --

24   or enter a sentence of time served.

25                             Does the government wish to be heard?

1          (Proceedings not related to defendant Roblero-Solis not

2   transcribed.)

3          THE COURT:  Do any counsel wish to be heard?

4          COUNSEL:  General "no" answers.

5          THE COURT:  Before the court imposes sentence, does

6   anyone wish to speak?

7          (Proceedings not related to defendant Roblero-Solis not

8   transcribed.)

9          THE COURT:  Did anyone else wish to be heard?

10          (Proceedings not related to defendant Roblero-Solis not

11   transcribed.)

12          THE COURT:  Does anyone else wish to be heard?

13          (Proceedings not related to defendant Roblero-Solis not

14   transcribed.)

15          THE COURT:  If there is nothing further, the court

16   imposes a sentence of time served in each of these cases.

17          I will ask that Mr. Vasquez-Morales remain in the

18   courtroom and Ms. Roblero-Perez.

19          Counsel, is there anything further with respect to these

20   defendants?

21          COUNSEL:  General "no" answers.

22          THE COURT:  Please go with the marshals.

23          Thank you.

24          Mr. Hannan.

25          Sir, I'll have you come over to the far side over here,

1   please.

2                    Mr. Martinez.

3                    Mr. Roblero-Perez.  Where is Mr. Roblero-Perez?  It is

4   Miss.  I am sorry.  Thank you.

5                    Mr. Vasquez.

6                    Mr. Roque.

7                    And Mr. Gomez.

8                    Mr. Hannan, what additional questions did you want

9   asked of your clients?

10                   MR. HANNAN:  Your Honor, you know, I certainly

11   objected this afternoon to various (unintelligible).  One is I believe in

12   talking to them today, I had six of these clients, after meeting, thinking

13   about it, when the court asks them the factual basis, it's done in group.

14                   I'm not sure of the answer so I object to that which is

15   simply I believe the court ought to inquire as to the factual basis as to

16   each defendant to determine whether they have committed the crime

17   they are charged with.

18                   Additionally, that they have been asked whether they

19   waive their rights to a trial which was actually not asked of any of the

20   defendants today.

21                   Then, additionally, that they were given an opportunity to

22   come forward with counsel to do the allocution.  Now when they were

23   all stood up here, it is very intimidating to have to come forward and

24   each one brave enough without their attorney or not with their

25   attorney.

1    So the process I was asking the court is an individualized

2    process where you ask if they waive their rights and where the court

3    inquires as to the factual basis to determine it is voluntary, give them

4    an opportunity to come forward to allocute.

5    Those were my objections and I am certainly -- we are

6    now here at sentencing so I'm not sure what the court wants me to do.

7    THE COURT:  I didn't understand your request earlier to

8    be a request for allocution with counsel by their side.  As I heard your

9    request, it was a request for allocution which I always give.  So I

10   misunderstood that you were asking for something different or

11   something more specific.  That is why I did not give that particular -- or

12   have that occur.

13   You said that these defendants were not asked if they

14   waived their rights to trial.  I did ask if each one of these defendants

15   knew that if they pled guilty they would not have a trial, that their

16   option was to have a trial.  I believe they have waived their right

17   although the word "waiver" was not used.

18   I am happy to make further inquiries of these defendants

19   regarding their rights to trial to make sure that is absolutely clear on

20   the record and actually also any factual basis to the extent that is an

21   issue.

22   So let's just be sure and clarify that right now.

23   Let me ask, Mr. Roblero-Solis, sir, did you understand

24   that by pleading guilty you were giving up your right to have a jury

25   trial?

1            DEFENDANT ROBLERO-SOLIS:  Yes.

2            THE COURT:  Mr. Martinez, did you understand that by

3  pleading guilty you were giving up your right to have a jury trial, sir?

4         DEFENDANT MARTINEZ:  Yes.

5            THE COURT:  Ms. Roblero, did you understand that,

6  ma'am?

7            DEFENDANT ROBLERO-PEREZ:  Yes.

8            THE COURT:  Mr. Vasquez, did you understand that?

9            DEFENDANT VASQUEZ:  Yes, I understood.

10            THE COURT:  Mr. Roque, did you understand?

11            DEFENDANT ROQUE:  Yes.

12            THE COURT:  Mr. Gomez, did you understand that?

13            DEFENDANT GOMEZ:  Yes.

14            THE COURT:  Mr. Roblero, what citizen are you a country

15  of?  I'm sorry.  What country are you a citizen of?

16            DEFENDANT ROBLERO-SOLIS:  (Unintelligible).

17            THE COURT:  Are you from Mexico, sir?

18            DEFENDANT ROBLERO-SOLIS:  Yes.

19            THE COURT:  A citizen of Mexico?

20            DEFENDANT ROBLERO-SOLIS:  Yes.

21            THE COURT:  Mr. Martinez, you are a citizen of what

22  country?

23            DEFENDANT MARTINEZ:  Vera Cruz.

24            THE COURT:  In Mexico, sir?

25            DEFENDANT MARTINEZ:  Yes, exactly.

1       THE COURT:  Ms. Roblero, are you a citizen of Mexico?

2       DEFENDANT ROBLERO-PEREZ:  Yes.

3       THE COURT:  Mr. Vasquez, what is your citizenship?

4       DEFENDANT VASQUEZ:  Mexico.

5       THE COURT:  Mr. Roque, what is your citizenship?

6       DEFENDANT ROQUE:  Mexico.

7       THE COURT:  Mr. Gomez, what is your citizenship?

8       MR. GOMEZ:  Mexico.

9       THE COURT:  Did anyone enter at a port of entry?

10       THE INTERPRETER:  All "no."

11       THE COURT:  Did any of you have official permission to

12   be present in the United States?

13       THE INTERPRETER:  All "no."

14       THE COURT:  Are there any further issues you wanted to

15   address, Mr. Hannan?

16       MR. HANNAN:  I have nothing further.

17       THE COURT:  Thank you.  Please go with the marshals

18   then at this time.

19       (The proceedings concluded.)

20

21

22

23

24

25

1
2
3
4                            C E R T I F I C A T E
5
6
7
8          I, Dianne Davenport, certify that the foregoing is a correct
9     transcript from the record of proceedings in the above-entitled matter.
10
11
12
13
14    /s/ Dianne Davenport                    April 4, 2008
15
16
17
18
19
20
21
22
23
24
25